1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   ZYNGA INC.,                  )
                                  )
12            Plaintiff(s),       )      No. C09-5233 CW (BZ)
                                  )
13       v.                       )      **REPORT AND RECOMMENDATION TO**
                                  )      **GRANT PLAINTIFF'S MOTION FOR**
14   WIRO WAAS, an individual,    )      **ATTORNEYS' FEES AND COSTS**
     and JOHN DOES 2-5,           )
15                                )
              Defendant(s).       )
16   _____)

17       On November 29, 2010, the Honorable Claudia Wilken

18   referred to me plaintiff Zynga Inc.'s motion for attorneys'

19   fees and costs.  The following is my report and

20   recommendation.

21       Plaintiff obtained a default judgment against defendant

22   Wiro Waas after defendant failed to answer plaintiff's

23   complaint or otherwise defend the action.  Docket No. 33.

24   Plaintiff now requests $11,422.50 in attorneys' fees and

25   $2,286 in costs pursuant to the Lanham Act.  15 U.S.C. § 1117.

26   Section 1117 permits a court to award reasonable attorneys'

27   fees to the prevailing party in "exceptional cases."  Id.  A

28   case is "exceptional" where the defendant's behavior is

                                    1

1  malicious, fraudulent, deliberate or willful.  See Sealy, Inc.
2  v. Easy Living, Inc., 743 F.2d 1378, 1384 (9th Cir. 1984)
3  (citing Playboy Enters., Inc. v. Baccarat Clothing Co., 692
4  F.2d 1272, 1276 (9th Cir. 1982)).  In this matter, the court
5  found that defendant's activities were willful and malicious.[1]
6  Docket No. 33.  Thus, attorneys' fees are appropriate under 15
7  U.S.C. § 1117.

8      To determine the reasonable amount of attorneys' fees,
9  the court should "calculate the 'lodestar figure' by taking
10  the number of hours reasonably expended on the litigation and
11  multiplying it by a reasonable hourly rate."[2]  Fischer v. SJB-
12  P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley
13  v. Eckerhart, 461 U.S. 424, 433 (1983)).  In support of its
14  motion for attorneys' fees, plaintiff submits a survey of
15  average hourly rates for intellectual property attorneys and
16  its billing records stating the amount of hours expended on
17  this matter.  Varas Dec., Exh. 1; Notice of Lodging of Billing
18  Records.  Plaintiff also documented 48.5 hours spent working
19  on the matter.  After reviewing the Notice of Lodging of
20  Billing Records, I find the billable hours submitted to be

21

22  [1]     By virtue of his default, defendant is deemed to have
    admitted that his infringement of plaintiff's trademark was
23  willful and malicious.  See Adriana Int'l Corp. v. Theoren, 913
    F.2d 1406, 1414 (9th Cir. 1990).

24  [2]     The court must review detailed time records to
    determine whether the hours expended on a matter were
25  reasonable or excessive, and it must also determine the
    reasonable hourly rate by looking to "the rate prevailing in
26  the community for similar work performed by attorneys of
    comparable skill, experience, and reputation."  Chalmers v.
27  City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g
    denied, amended on other grounds, 808 F.2d 1373 (9th Cir.
28  1987).

2

1   reasonable.  I am satisfied that the hourly rates charged by

2   plaintiff's attorneys are reasonable for their level of

3   experience.  However, I am troubled by the number of attorneys

4   involved and the number of hours expended for what is

5   essentially a routine collection suit which proceeded by way

6   of default.  Nevertheless, because this case required third

7   party discovery to uncover defendant's identity, I recommend

8   that plaintiff be awarded all its fees.

9      A plaintiff who prevails on a claim under 15 U.S.C. §

10   1125(a) is also entitled to costs.  15 U.S.C. §1117(a).  In

11   support of its motion, plaintiff submits a bill of costs for

12   $2,705.60.  Docket No. 36.  I am satisfied that plaintiff's

13   costs incurred are also reasonable.[3]  Accordingly, I recommend

14   that the court **GRANT** Zynga $11,422.50 in attorneys' fees and

15   $2,286 in costs.  I find no need for argument and **VACATE** the

16   hearing scheduled for **February 2, 2011.**

17   Dated: January 31, 2011

18

19                          Bernard Zimmerman
                                 United States Magistrate Judge

20

  g:\bzall\-refs\Zynga v. 09.5233\R&R Attorney Fees.wpd

21

22

23

24

----

25      [3]As I have previously informed counsel, I share Judge
26   Conti's concern with the document delivery charges, considering
  that there are alternative methods of delivering documents that
27   are not time sensitive (i.e. first class mail).  However these
  charges were incurred before Judge Conti ruled.  Zynga Game
28   Network, Inc. V. Erkan, 3:09-cv-03264 SC, Docket No. 53 (N.D.
  Cal. Aug. 31, 2010).